# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 27, 2010

Lyle W. Cayce
Clerk

No. 10-30256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAREN CLARK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CR-63-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daren Clark is appealing his 120-month sentence imposed following his guilty plea conviction to possession with intent to distribute 50 grams or more of a substance containing cocaine base. Clark argues that his sentence was imposed in violation of the Sixth Amendment because it was based on facts about his leadership role in the offense which he did not admit and were not found by a jury. The PSR reflected that Clark used Ocie Lacey's home to store his drugs at her home in exchange for payment in the form of drugs. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that because the statutory mandatory minimum sentence became the bottom of his guideline sentencing range, he was sentenced under a de facto mandatory guideline system.

Following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory only, and "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a guideline sentencing range." *United States v. Rhine*, 583 F.3d 878, 891 n.50 (5th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted); *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). *Booker* has remedied the Sixth Amendment problems Clark identifies. *See United States v. Whitfield,* 590 F. 3d 325, 367 (5th Cir. 2009), *cert. denied,* 131 S. Ct. 136 (2010).

The fact that the statutory mandatory minimum sentence became Clark's bottom guidelines range sentence was not the result of the use of a de facto mandatory guidelines system in violation of the Sixth Amendment. Clark was subject to the statutory mandatory minimum of 120 months pursuant to statute, 21 U.S.C. § 841(b)(1)(A)(iii), based on the drug quantity involved in the offense. Clark stipulated to the amount of drugs involved in the offense in the factual statement supporting his plea. His leadership role in the criminal activity was not the reason that he was subject to the mandatory minimum sentence. As discussed below his ineligibility for the application of the safety valve provision was based on the district court's proper application of the post-*Booker* advisory guidelines. It did not result in a Sixth Amendment violation.

Clark argues that, even assuming there was no Sixth Amendment violation, the evidence was not sufficient to enhance his offense level based on his having a management or supervision role over another participant in the offense. Section 3B1.1(c) provides for a two-level enhancement if the defendant is an organizer, leader, manager or supervisor of criminal activity, and he supervises one or more participants. § 3B1.1(c); § 3B1.1, comment. (n.2). "A

'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted. § 3B1.1, comment. (n.1).

In allowing her residence to be used for the manufacturing and storage of cocaine in exchange for cocaine, Lacey aided and abetted in the drug distribution activity. Thus, although not charged, she was a knowing participant in the criminal activity. *See United States v. Messervey,* 317 F.3d 457, 460-61 (5th Cir. 2002). With respect to the issue of Clark's control and leadership role, the evidence showed that Clark alone had the combination to the locked safe containing the drugs although it was located in Lacey's home. Clark controlled the continuation of the operation by supplying an addict with cocaine so that he could continue using her residence as a "crack" house.

Insofar as Clark argues that the factual basis for his plea does not support the finding of a leadership role, such a finding within the meaning of § 3B1.1 encompasses all relevant conduct linked to the transaction resulting in the offense, even if it includes conduct that is outside the scope of the count of conviction. *United States v. Reedy,* 304 F.3d 358, 370 (5th Cir. 2002). The district court did not clearly err in determining that Clark's offense level should be enhanced by two levels for his leadership role in the offense.

Clark argues that the enhancement of his sentence for a leadership role under § 3B1.1 was prejudicial error because it deprived him of the right to be considered for a reduced sentence under the safety valve provision. Section 5C1.2(a)(4) provides that a defendant will not be eligible for relief under the safety valve provision if he was an organizer, leader, manager, or supervisor of others in the offense. § 5C1.2(a)(4). Because the district court did not clearly err in determining that Clark was an organizer or leader under § 3B1.1(c), Clark was ineligible for a safety valve reduction. *See* § 5C1.2(a)(4). Therefore, Clark has not shown that the district court clearly error in finding him ineligible for application of the safety valve provision. *See United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999). Clark's sentence is AFFIRMED.

3